## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **Michael Soto** being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since February 23, 2003. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into the United States. I attended the Federal Law Enforcement Training Center at Charleston, South Carolina, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. Investigation reveals that on September 15, 2019, **Wellington ROSARIO-Polanco** illegally attempted to re-enter the United States and was interdicted at sea at approximately ten (10) nautical miles south east off the coast of Mona Island, Puerto Rico. Therefore, this affidavit is made in support of a criminal complaint against **ROSARIO-Polanco** based on violation of **Title 8,** *United States Code*, **Section 1326(a),** attempting to re-enter the United States after being previously removed.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation; rather, it only contains that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## PROBABLE CAUSE

4.　On September 15, 2019, while on routine patrol, an aircraft from the Caribbean Air and Marine Branch detected a suspicious vessel at approximately five (5) nautical miles south west off the coast of Mona Island, Puerto Rico. A Caribbean Air and Marine Branch vessel was vectored to the area and intercepted the suspicious vessel at approximately ten (10) nautical miles south east off the coast of Mona Island, P.R. A total of nine (09) subjects, including **Wellington ROSARIO-Polanco** were on board the intercepted vessel. The subjects claimed to be aliens from the Dominican Republic without proper documentation to enter the United States legally.

5.　A United States Coast Guard Cutter also arrived on scene and for safety reasons, all subjects were transferred on to the USCG Cutter. Once at the USCG Cutter, all subjects' fingerprints were entered into a biometrics system to check their immigration status and criminal history, if any. Biometric checks revealed that **ROSARIO-Polanco** has previous immigration history.

6.　As to **ROSARIO-Polanco's** immigration history:

a)　On July 9, 2019, **ROSARIO-Polanco** was encountered by Homeland Security Investigations Special Agents in San Juan, P.R.. **ROSARIO-Polanco** was served with an Expedited Removal Order.

b)　On August 6, 2019, **ROSARIO-Polanco** was physically removed from the United States.

7.　The U.S. Border Patrol Ramey Station was informed and arrangements were made to coordinate investigation and custody transfer of **ROSARIO-Polanco**. He was transported to the Port of Entry in Mayaguez, Puerto Rico.

2

8. Border Patrol Agents were dispatched to investigate and upon arrival, Agents identified themselves as immigration officers and interviewed the detained subjects as to their citizenship and immigration status in the United States. All subjects claimed to be citizens and nationals of the Dominican Republic without valid immigration documents to enter, to be in, or remain in the United States legally.

9. All subjects were thereafter arrested and transported to the Ramey Border Patrol Station for further investigation, processing, and removal proceedings.

10. At Ramey Station, **ROSARIO-Polanco's** photograph and fingerprints were taken and entered into different law enforcement databases. Record checks confirmed that **ROSARIO-Polanco** has prior immigration history.

11. Border Patrol Agents advised **ROSARIO-Polanco** of his right to legal representation and his right to speak with the Consul of his native country.

12. **ROSARIO-Polanco** attempted to re-enter the United States illegally at a place other than a designated port of entry.

13. **ROSARIO-Polanco** does not have any immigration documents allowing him to enter and/or remain in the United States legally, and was not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

14. **ROSARIO-Polanco** does not have any petitions pending with the Bureau of Citizenship and Immigration Services.

Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above mentioned subject, to wit, a violation of **Title 8,** *United States Code***, Section 1326(a).**

_____
Michael Soto
Border Patrol Agent

Subscribed and sworn before me, in San Juan, Puerto Rico, on this 18th day of September 2019.

_____
Honorable Bruce J. McGiverin
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO